EDWIN RUSSELL KENNY, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kenny v. Commissioner
Docket No. 32193-88
United States Tax Court
T.C. Memo 1990-207; 1990 Tax Ct. Memo LEXIS 226; 59 T.C.M. (CCH) 468; T.C.M. (RIA) 90207; April 23, 1990, Filed *226 Decision will be entered for the respondent. Edwin Russell Kenny, pro se. Mark S. Mesler, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION For reasons that will be discussed infra, by a notice of deficiency, dated September 16, 1988, respondent determined that additions to tax under sections 6651(a)(1), 6653(a)(1) and (2) and 6661 [1] were due from petitioner for the 1985 taxable year. Petitioner timely filed a petition contesting each of the additions to tax. At the time that the petition was filed, petitioner resided in Smyrna, Georgia. *227 FINDINGS OF FACT The facts may be summarized as follows: Prior to 1984, petitioner was a self-employed courier. During 1984 and 1985, petitioner was employed by Stuart-James Company, Inc. as a stockbroker and was paid on a commission basis. Petitioner filed Federal income tax returns for the taxable years 1983 and 1984 and, on April 14, 1986, prepared a Federal income tax return for the taxable year 1985. That return showed that he owed $ 6,074.41 in tax and that there had been no withholding nor had he made any estimated payments. He did not file that return, but rather applied for a so-called automatic extension of time and sent a check for $ 1,000 with the application. By its terms the extension would expire on August 15, 1986, and required that the applicant pay the estimated tax due for the year. On June 6, 1986, petitioner met with Donna Lancaster, an Office Auditor with the Internal Revenue Service, who was auditing his 1983 tax return. Ms. Lancaster asked whether petitioner had filed returns for 1984 and 1985. Petitioner told her that he had filed a return for 1984 and that he had an extension of time within which to file his 1985 return. With respect to the 1984 *228 return, petitioner stated that he was no longer in the courier business, and she did not pursue the matter further. Petitioner and Ms. Lancaster reached an agreement with respect the 1983 liability on August 10, 1986. Petitioner met with Revenue Agent Rachel Hammond concerning his 1984 return on November 21, 1986. During the interview, Ms. Hammond asked whether petitioner had filed a return for 1985 and was told that he had not. Ms. Hammond informed petitioner that if he did not file a return, she would have to prepare a substitute return for him. She then gave petitioner a document request for information concerning the 1985 liability. Petitioner and Ms. Hammond met again on December 11, 1986, concerning the 1985 liability. Petitioner did not bring sufficient information, which previously had been requested, to determine the 1985 liability. Most important, he did not bring Forms W-2 or 1099 showing his compensation from Stuart-James or confirmations of his stock transactions. Ms. Hammond wrote Stuart-James requesting information concerning petitioner's income, and shortly thereafter received that information. In early January, 1987, using the information that she had, Ms. *229 Hammond prepared a substitute Form 1040 and sent her report to petitioner on January 5, 1987. After further discussion with petitioner, she revised her report in March. The revised report determined a deficiency in income tax in the amount of $ 9,256.83 and the disputed additions to tax. Petitioner never executed any Federal income tax return for the taxable year 1985. Petitioner agreed to the tax deficiency; however, he disagreed with the imposition of the additions to tax. OPINION Section 6651(a)(1) imposes an addition to tax for failure file a return timely "unless it is shown that such failure is due to reasonable cause and not due to willful neglect * * *." Similarly, section 6653(a) provides that if any part of an underpayment "in due to negligence or intentional disregard of the rules and regulations" additions to tax shall be imposed. Petitioner makes essentially the same argument with respect to both sections. As we understand, he contends that his failure to file his 1985 return and the resulting underpayment were due to reasonable cause and not due to negligence. This argument is based on his allegation that Ms. Hammond told him that she would prepare and file *230 a return for him. Thus, according to petitioner, once Ms. Hammond focused on the fact that he had not filed the return, he was relieved of any further liability arising from his failure to file his return. While it may be true that when a Revenue Agent finds that a taxpayer has not filed a return, the Internal Revenue Service audit procedures direct that the agent prepare a substitute return if the taxpayer does not promptly file a return, there is nothing in the Code or Regulations that suggests that a taxpayer is relieved of any of the liabilities that may follow from his original dereliction. Petitioner also contends that his failure to file and pay was due to a honest mistake as to the applicable statutory provisions and as to what he thought Ms. Hammond told him. This is not the case. Petitioner knew that he was required to file a return and, indeed, he had prepared a return. He claims that he did not file that return and obtained the extension because he wanted to use income averaging. But, he allowed the extended period, within which he could have filed a return, to expire. Moreover, while he knew that, as a condition for the extension, he was required to pay the amount *231 due at the time he applied for the extension, he only paid $ 1,000, rather than the amount shown on the return he already had prepared. The most reasonable inference from his actions is that he was attempting to delay, or avoid, paying the grim reaper. In sum, there is simply no basis for concluding that petitioner's failure to file and the resulting underpayment, was due to reasonable cause and not due to negligence or intentional disregard of the rules and regulations. Section 6661(a) provides that "If there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement." Petitioner does not dispute that the literal provisions of section 6661(a) are satisfied. Rather, he relies on section 6661(c) that provides that respondent may waive the addition to tax imposed by section 6661(a) upon "a showing by the taxpayer that there was reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith." We have held that our scope of review of respondent's decision not to waive the addition to tax is limited to whether *232 there was an abuse of discretion. . From our discussion infra, concerning the additions to tax under sections 6651(a)(1) and 6653(a), it follows that we do not believe that respondent abused his discretion. Finally, at trial petitioner moved to place the burden of proof on respondent. The basis for this motion was that, if additions to tax had been determined under section 6653(b) for fraud, the burden of proof would be on respondent. See Rule 142(b) and section 7454(a). Petitioner then reasons that since the cumulation of the determined additions to tax exceeds the 50 percent addition to tax for fraud, the burden of proof should be the same. We have frequently approved the so-called "stacking" of additions to tax and have not relieved a taxpayer of his burden of proof. E.g., ; Congress was certainly aware of the burden of proof principles that apply to the various additions to tax when it either enacted or amended these provisions, and there is no suggestion in the statutory provisions or their legislative *233 histories that would indicate that the burden of proof should be different if two or more additions to tax were applicable. Accordingly, we find no basis for relieving petitioner of his burden of proof here. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year 1985, unless otherwise noted. Rule references are to the Tax Court Rules of Practice and Procedure.↩